IN THE HONORABLE FEDERAL COURTS FOR THE WESTERN

DISTRICT OF TENNESSEE – WESTERN DIVISION AT MEMPHIS

Paul Markowitz                                          Case No. _____

PLAINTIFF

v.

David Ynguanzo in his Official and
Individual Capacities, John Does 1-12 and
Jane Does 1-12 as Individuals and in their
Official Capacity of the City of Memphis,
 Memphis Police Department, Shelby County,
Shelby County Jail, Shelby County Sheriff's Employees John
& Jane Does 1-10; Shelby County Jail Employees
John and Jane Does 1-12 Memphis Fire Department EMS
&/or Ambulance EMTs &/or other purported "Emergency
assistants" John & Jane Does 1-8  in their Official and Individual
Capacities; The Elvis Presley Memorial Trauma Center
(The "MED"); The "MED'S" Employee's John & Jane
Does 1-8, in their Official and Individual Capacities;
Kroger Food Store Corporation and/or "Kroger Food Store"
located at 3347 Crestview; South Highland, Memphis Tennessee
38111, and their Employees John and Jane Does 1-10, including
one known only by the Name Initials "AJ"


DEFENDANTS                                    JURY TRIAL REQUESTED


COMPLAINT FOR VIOLATIONS OF 42 U.S.C. SECTIONS 1983, 1985, 1986 AND UNDER THE

COLOR OF LAW, AND UNDER THE FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH

AMENDMENTS OF THE UNITED STATES CONSTITUTION FOR THE VIOLATIONS OF

INCLUDING, BUT NOT LIMITED TO : FILING KNOWINGLY FALSIFIED PERJURED POLICE

REPORTS, EXCESSIVE FORCE, BEING UNDER THE INFLUENCE OF STRONG ALCOHOL

WHILE IN POSSESSION OF FIREARMS, BEING UNDER INFLUENCE OF STRONG

ALCOHOL WHILE DRIVING, KNOWINGLY, WILLFULLY AND WRONGFULLY

FILING A KNOWINGLY, WRONGFUL FALSIFIED POLICE REPORT, PERJURY, OFFICIAL MISCONDUCT, THE BREACH OF DUTY, BREACH OF TRUST, WIRE FRAUD, FALSE ARREST, FALSE IMPRISONMENT, FAILURE TO INVESTIGATE, DENIAL OF DUE PROCESS, FAILURE TO KEEP FROM HARM, FAILURE TO PROTECT, FAILURE TO TRAIN, FAILURE TO SUPERVISE, FABRICATION OF EVIDENCE, SPOLIATION AND TAMPERING OF EVIDENCE, INTERFERING WITH AN OFFICIAL PROCEEDING, FRAUD, FRAUD PER SE FRAUDULENT CONCEALMENT, DELIBERATE INDIFFERENCE, OUTRAGEOUS BEHAVIORS, FURTHER OF MAKING FALSE POLICE REPORTS, SLANDER/LIBEL, DEFAMATION OF CHARACTER, MALICE, MALICIOUS HARASSMENT, MALICIOUS RETALIATIONS, INTIMIDATIONS, DECEIT, MISREPRESENTATION, RECKLESS ENDANGERMENT, INTENTIONAL AND/OR NON-INTENTIONAL INFLICTION OF EMOTIONAL DURESS, LOSS OF ENJOYMENT OF LIFE, MAKING "TERRORISTC THREATS," (AS CODIFIED UNDER TENNESSEE LAW), VIOLATION OF THE "SPECIAL DUTY DOCTRINE," THREATS OF BODILY HARM, BODILY HARM, DEPRAVED HEART, WILLFUL FAILURE TO COMPLY WITH THE AMERICANS WITH DISABILITIES ACT (ADA). WILLFUL FAILURES TO COMPLY WITH THE FOOD & DRUG ADMINISTRATIONS RULES AND LAWS, NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, SADISM, ASSAULT, AGGRAVATED ASSAULT, ASSAULT AND BATTERY, SOLICITATION, KNOWING

EXPOSING TO KNOWN HAZARDOUS ELEMENTS AND/OR CONDITIONS, REFUSAL TO RENDER OR TREAT KNOWN LIFE-THREATENING IMMEDIATE SERIOUS MEDICAL CARE AND CONDITIONS, INTENTIONAL SLEEP DEPRIVATION, AS DEFINED UNDER INTERNATIONAL LAWS AND TREATIES, DISORDERLY CONDUCT, DEPRAVED HEART, SADISM, MALFEASANCE, OPERATING AN EATERY OR FOOD ESTABLISHMENT WHILE KNOWING AND WILLFUL EXTREME UNSANITARY AND DANGEROUS

EXPOSURES TO DANGEROUS PATHOGENIC MICROBES EXISTING, AT SHELBY COUNTY

JAIL, FAILURE TO COMPLY WITH SHELBY COUNTY HEALTH DEPARTMENT

ORDINANCES REGARDING FOOD PREPARATIONS ANDTHE ENVIRONMENTS WHERE

PATRONS (INMATES) ARE SERVED, FAILURE TO COMPLY WITH  FEDERAL DISTRICT

COURT ORDERS AND WILLFUL CONTEMPT OF SUCH AND OTHER SQUALID

"CONDIDTIONS," THAT WERE ORDERED CORRECTED BY THE HONORABLE JUDGE

JOHN McCALLA, AND OTHER ACTS AND OMISSIONS TO BE AMENDED WITH

PERMISSION OF THE COURTS INCLUDING THOSE UNDER THE COLOR OF LAW

COMES NOW the Pro se Plaintiff, before these Honorable Courts, to set -forth his

Complaints as in the above style Encaptioned Causes of Action, Acts and Omissions; but

not limited to such.

## VENUE AND JURISDICTION

Jurisdiction and venue are correct, as All acts and omissions occurred in Shelby County

Tennessee.

Plaintiff Paul Markowitz is an adult male, whose permanent mailing address is 253

Buntyn, Memphis, TN. 38111.

Defendant David Ynguanzano, Badge No. _____; in his employment as a

Patrolman/Police by the Memphis Police Department, of the City of Memphis, Tn.

## FACTS OF THE CASE

On or about October 21, 2016, at approximately 5:00 P.M.; the Plaintiff, a semi-regular

well behaved and Always paying Customer of Kroger Store, located at 3334 Raven (South Highland, Memphis, Tennessee); was in the Dining area, quietly eating his purchased food while working on his Lap-Top in his Advanced Academic R & D Research.(Breast and Prostate Cancer ).

Plaintiff had noticed an abandoned Backpack, 2-3 tables in front of him; so in concern & proper behavior, went to turn it in to Customer service.

During such endeavors, a Hostile violent Blatantly "Racial" individual, who Plaintiff can Identify, and who said Kroger Store and its employees John & Jane Does 1-6, did know for at least several months; that constitutes "ACTUAL & CONSTRUCTIVE NOTICE;" yet knowingly let upon its property, was a Known and Violent "Vagrant & Panhandler;' and Racial Inciting antagonist; on information and belief, did intentionally dump a large cup of coffee on Plaintiff's Lap-Top, instantly permanently destroying it and its irreplaceable computer files; which are of significant Monetary value.

Plaintiff instantly tried to "Blot-up" as much of the coffee as possible; then proceeded to "Store Security and "Customer Care." Such was to request assistance in the "Salvaging" of his Computer; the numerous "Federally Protected" Files and years of Arduous Bio-Medical R&D's authored and owned by Plaintiff, Dept. of Defense (DoD) Privileged Documents, which the seizure and maintenance the numerous videos in the store which would have captured the Entire Crimes, Store Management stated would be done. The

Said Security and Customer care acknowledged that ALL videos were operational and functional and maintained on record.

However, all of the aforementioned parties, including a Store Manager, refused to assist Plaintiff in ANY of the aforementioned areas or assist Plaintiff in any Minimal efforts to help salvage the said Federally Protected Computer Files, of Plaintiff's Computer. Also they knowingly and willfully several times refused to contact police for the said several crimes that occurred on Kroger's premises. Plaintiff would note here that Tennessee's "Premise Liability laws" apply for this said Kroger Store; and that Krogers was Firmly aware of such, as were its employees John & Jane Does 1-6; and in such; they did knowingly, wrongly and willfully Ignore, disregard and attempt to "engage in Evidence destructions and Spoilations; in a willful negligent and Fraudulent manner; in their intentional intents to "escape" Rightful prosecutions under the applicable laws. Plaintiff would show that such in & of itself is an "Actionable Misconduct."

All of the aforementioned individuals refused several Times to call the Police (Hereinafter MPD); and Plaintiff submits that such is unlawful; despite any "Store Policies." These said persons (Defendants) stated that [I] would have to call police myself. Such outrageous willful inaction also allowed the Assailant to eventually escape the premises and area. The said assailant is Violent, blatantly "Racial,"(By his explicit language) on foot, and a regular, violent, vulgar & "Racial" aggressive "Panhandler," who store and management personnel permit to frequent the premises; and are even

close associates of, according to past observations, and their own attestments.

Here, Plaintiff would also show that the Kroger Store and its Managerial employees; and All parties as noted as Defendants,but Not limited to such;were on beyond Actual and Constructive Notice as to Maintain & retain Any & ALL evidences, including videos & ESIs, violent and harassing and Racial Acts, and had a Duty to take actions; rather than to encourage his regular presence, for which he was NOT a Paying Customer or patron; and that such constitutes several Acts and omissions.

Defendants Krogers refused to permit Plaintiff to use their "Customer Service" or other working and available phones to call Police. After Plaintiff attempted to call MPD for approximately 30 minutes, until his Cell-phone time ran-out; Plaintiff requested upon Store security to do so, which they refused. Plaintiff requested to speak to a Store Manager (a one "A.J." as Plaintiff later discovered). Upon store personnel announcing over load speaker and by phoning him; he slowly arrived about an hour later, with NO concern of the Assailant, nor incident and Plaintiff's damages and Injuries.
Further outrageous is that the Store personnel made NO EFFORT to assist Plaintiff in trying to clean-up the Large Coffee Spilled intentional Destruction of his Lab-Top, as well as leaving the remaining large spill of several feet in diameter, on the floor, below the said Computer and File destruction. In Plaintiff's later attempts to try to salvage and minimize the said Malicious, Racial Vandalism, Plaintiff slipped on the Floor Coffee and further injured his seriously torn knee. Defendants made NO efforts to assist in such

either. Plaintiff would Note here that ALL PARTIES were fully aware of such; for at

least an hour or more, and that such is beyond the Abundant and "Constructive Notice"

Criteria. Plaintiff would Note that he had at minimal several hundred thousand dollars of

Proprietary R&D's, Federal Government Documents and USPTO Federally protected

Documents on his said Lap-Top.

Plaintiff would show that the Defendants do NOT "enjoy" Sovereign Immunity" under

the Tennessee Government Tort Liability Acts (GTLA); and that their Acts and

Omissions were NOT Discretionary, but were "Ministerial" &/or "Operational.

Plaintiff was then Himself required to call, notify and state the nature of the Crime

himself; as store Manager or others refused. After about an hour, a Markedly deranged

M.P.D. "Policeman" arrived outside; at which time Plaintiff walked outside to greet him

and give Plaintiffs Crime report. IMMEDIATELY Plaintiff detected both a "Contorted

Rage" expression on his face, as well as the presence of a very strong alcoholic

beverage, from approximately two (2) feet away; both of which rightfully concerned

Plaintiff. **It was beyond evident to any reasonable person, that Plaintiff had a severe

limp & leg/knee Injury. As Plaintiff in pleasant nature & Cordiality, limped to

Defendant Ynguanzano, outside of Kroger *(**Ynguanzano knowingly

Falsified/Perjured that he Came into Kroger STORE to meet Plaintiff** !

WITHOUT Ynguanzano speaking a Word, nor affording Any explanations or

questions, Plaintiff readily agreed and quickly complied without objection, to permit

Ynguanzano (of MPD) to "Pat-Down" Plaintiff; as may be standard Protocol ? (Yet

Plaintiff was the Victim and Complainant). Ynguanzano (Hereafter :"**Ynguanzano**")

retrieved a small, approximately 2 inch legal folding pocket knife (with NO Auto-spring

Blade, nor or a "Switch blade status or other illegal classifications,"), and Plaintiff was

Fully compliant and made NO objections to such. Plaintiff Willfully and readily

produced a Full State Identification.

During the said "Pat-Down" in which Plaintiff was Fully Compliant, Ynguanzano; while

smelling strongly of Alcohol, suddenly and without ANY GOOD CAUSE OR

JUSTIFICATION (DESPITE HIS WILLFUL SEVERAL FELONY PERJURIES); cause

or explanations; did Violently grab Plaintiff's Right arm and began to hard-twist it into a

Painful, unnatural, contorted and damaging manner and in such, instantly caused

damages and Injuries to Plaintiff's arm, that ANY reasonable Person would know was a

contorted,unnatural for Human anatomy & Damaging position. Such also including

Plaintiff's knee and at this point in his deranged assault of Plaintiff; which was only just

the "Beginning" of a long series of sadistic; violent and Depraved assaults against

Plaintiff as described. At NO TIME did Ynguanzano inform Plaintiff as to why he was

being assaulted, nor mention ANY remote aspects that Plaintiff was being Detained or

arrested; nor did Plaintiff EVER "Resist arrest or Official Detention" nor Act

"Disorderly" as Ynguanzano knowingly Perjured and Falsified in his purported "Police

Report," in numerous manners and deceits, frauds and knowing misrepresentations; and

furthermore engage in such in attempts to "Cover-up" his known numerous said crimes,

but Not limited to such. AT NO TIME DID YNGUANZANO EVER REMOTELY INFORM PLAINTIFF AS TO WHY HE WAS BEING "ARRESTED" *(NOR INFORM PLAINTIFF HE WAS UNDER ARREST OR DETENTION- AS RULE & LAW REQUIRES), OR BEING VIOLENTLY ASSAULTED, AS DESCRIBED HEREIN.

As the said Violent assaults against Plaintiff, arose without Notice of ANY Good or Justifiable cause, such constituted what a reasonable concern for Plaintiff's safety; health and well-being; which he has full and firm and Justifiable Rights to. Ynguanzano did immediately hard punch Plaintiff in his Testicles and when Plaintiff took issue with such; Ynguanzano was Raging with a Contorted, Violent Behavior, **while Sadistically Grinning** as he **Violently Assaulted & Permanently Injured Plaintiff in Several Sadistic manners** (Which was NO GOOD CAUSE **to hard -Punch Plaintiff in his Testicles**. Plaintiff would show and submit that he was Never "Resisting," but only in his Rightful very mild and minimal efforts to Rightfully protect his eyes against the violent and sadistic, and Depraved Heart aggravated assaults from the Deranged, Sadistic, Raging Violently Assaulting, Depraved, Perjuring Ynguanzano, particularly Plaintiff's Eyes, Face & Throat (Plaintiff was obviously having to breath !), From the unwarranted spraying of a Full can of Mace, at close range; into Plaintiff's said Eyes, Face & Mouth; and Plaintiff submits ANY person would also "Object & try to protect themselves from such Derangements, including being punched in Testsicles; and Plaintiff was in NO form or Fashion combative or, resisting, but Only trying to minimize that said Violent, unwarranted & Dangerous, sadistic Assaults.

Plaintiff NEVER "Resisted" as Ynguanzano knowingly,willfully & wrongly falsified in his Perjured alleged "Police Report."

After Ynguanzano's said described Sadistic & Extremely violent aggravated Felony assaults; then violently pushed Plaintiff in to Squad Car (Without EVER making Any proper requests upon Plaintiff or affording explanation(s) as REQUIRED BY RULES & LAWS. With Plaintiff rightfully & in attempted Defense of Ynguanzano's relentless Felony assaults ; with Plaintiff NEVER "Resisting" but only rightfully attempting to survive; Backing-up in the back seat of the Squad car; attempting to minimize the various Raging & Sadistic, Depraved Aggravated assaults of "EVERY ASSAULT IMAGINABLE;" the instant other unwarranted violent aggravated assaults, including the Spaying of Chemical Agents into Plaintiff's eyes, nose, throat and skin in various places.

As a direct result Plaintiff suffered various severe "Chemical Injuries;" which continue to date, including, but Not limited to : eye/corneal damages and "Chemical Pneumonia," and other apparent permanent Injuries that did Not previously Exist. NEVER AND AT NO TIME DID PLAINTIFF RESIST ANY LEGAL MATTERS, NOR "KICK & PUNCH" nor Any other "Resist" (Except to try to cover Plaintiff's Testicles he immediately started hard-Punching, while expressing an "Enjoyment" on his Face; in additional to Plaintiff's FULL RIGHTS to try to cover his Eyes as Ynguanzano was

spraying an Entire Can of Dangerous Mace, without ANY cause, point-blank in

Plaintiff's Eyes, Nose and Face and throat; as Ynguanzano knowingly Felony Perjured &

Falsified, numerous times, including to the Federal Bureau of Investigation, Memphis

Division. Any calls for "Back-up" were NOT to assist Ynguanzano, but Plaintiff's instant

insistence that he could Not Breath, see, had numerous severe injuries; and that

Ynguanzano realized he was from the Inception, in Serious Legal Troubles; but all

apparently had/has several severe Psychiatric and behavioral, likely Life-Long refractory

Dangerous Conditions, with his Overt Rage and Severe Violence Controls and Felony

perjuries as just part of his overall Co-Morbiditites, that should Instantly disqualify him

for ANY "Law Enforcement"or even "Security" positions and warrant the Pulling of any

Hand-gun Permit, in any Private or other capacities, by the TBI &/or FBI.

Plaintiff would show and submit, that he need Not be a professional in the Psychological

Health Sciences, to recognize and instantly have valid concerns of the said "Contorted in

Rage" Facial expressions and/or the **Presence of Strong Alcohol of  Ynguanzano, to

have a Genuine and well based reasonable fear and concerns, and that a reasonable

person would also do so, as well as have the Concerns, that DID MANIFEST

THEMSELVES IN A VARIETY OF MENTALLY DERANGED, SADISTIC,

VIOLENT AND DEPRAVED ways as described herein, but Not limited to.**

**AS A DIRECT &/OR PROXIMATE RESULT OF YNGUANZANO'S DEPRAVED

ACTIONS, <u>PLAINTIFF IS LEFT WITH "SHARDS OF BONE"</u> in surrounding**

**tissues FROM PLAINTIFF'S STERUM YNGUANZANO BROKE (FOR NO
REASON NOR "RESISTING"), PERMANENT EYE DAMAGE, LUNG OR
OTHER AIRWAY DAMAGES, A SEVERELY INJURED KNEE & ARM/ELBO
JOINT AND OTHER INJURIES TO BE SET-FORTH, and as encaptioned in this
Complaint.**

Ynguanzano intentionally, in order to FALSLEY portray Plaintiff was armed, noted the
Non-illegal Knife confiscation **at the end of his Perjured Report**, (which was readily
and without Any resistance or obstructions, retrieved from Plaintiff at the inception, as
described; as Plaintiff was 100% Fully compliant and polite & Cordial; when
Ynguanzano seemingly just wanted to "Pat" [Plaintiff down], which Plaintiff
understood is likely a routine protocol & fully complied. YET, Defendant Ynguanzano
began yelling/screaming in a marked rage was was essentially unintelligible, and gave
NO reason for his extremely violent assaults and injuries upon Plaintiff. *(Except the
knowingly Falsified and perjured allegations that Plaintiff was "resisting"). Plaintiff
would show that there was NO : "Punching and Kicking" by Plaintiff, as Ynguanzano
knowingly, willfully and wrongly falsified; but ONLY Plaintiff's *most minimal efforts* to
minimize Ynguanzano's CONTINUED said series of Sadistic and Depraved
unwarranted and without Cause aggravated assaults upon Plaintiff; EVEN LONG
AFTER PLAINTIFF WAS FULLY IN THE LOCKED, INESCAPABLE POLICE
CAR !

Plaintiff clearly, calmly and intelligibly explained Factually and Truthfully that Plaintiff already had two (2) severely torn knees (& was using the assistance of a walking cane); as well a multiple concussive Head injuries; yet Defendant Ynguanzano continued with his unprovoked violent assaults in his marked rage.

Furthermore, Plaintiff would show and prove, that a reasonable person or jurist would agree and conclude, that Ynguanzano, who weighs about 250 pounds and regularly exercises; as opposed to Plaintiff being of 165 pounds, poor health, aside from two (2) severely thrice torn knees; the need for a walking cane with well documented multiple concussive injuries, and breathing &/or cardiac out-put dysregulations, and a past documented seizure disorder; but Not limited to such; COULD NOT HAVE engaged in or perpetrated the Numerous knowingly Perjured Falsehoods of the alleged "resisting" BUT TO THE CONTRARY, a series of Knowingly Felony Perjured allegations by Ynguanzano; that he Fraudulently entered into a FALSIFIED POLICE REPORT.

Furthermore, such was to further the attempted Fraudulent "Cover-up"of his Crimes and Obstruction of Justice, Sadism, Depravities and others, but Not limited to such.
**AT NO TIME DID DEFENDANT Ynguanzano enter the Kroger Store, in the manner he perjured and Falsified. NOR EVER as he knowingly perjured in the Falsified Police report; look at Plaintiff's Damaged computer, nor even speak a word regarding such; **as he Knowingly, willfully and wrongly PERJURED and made Felony False Police reports on his overall Perjured accounts**. The Kroger Store Videos and reliable

witnesses would Prove Plaintiff's accounts; and Prove Defendant Ynguanzano is a "Seasoned multiple FELONY Perjurer !" Plaintiff would submit that Defendant Ynguanzano's marked state of Alcoholic &/or Drugged "State" is NOT a viable excuse for such; **but these Honorable Courts may consider such. While it is upon the purview of the Courts to properly question the malicious and Perjured aspects of this aspect of Defendant Ynguanzano knowingly Felony Falsified "Police Report;" then it "Begs the question"** *of WHAT ELSE IS DEFENDANT Ynguanzano Perjuring about; as his credibility is Void from the Inception !* **In Fact, to the Contrary; when Defendant was carrying-out Plaintiff's already damaged computer; he did so in a markedly, apparently without ANY ordinary care, that even a Child would Not have treated it as such, in a reckless and potentially further damaging manners, "banging it around" recklessly.**

Over a week (10 days) after the False arrest had Ynguanzano (or others) refused to make ANY efforts, inquiries or paperwork to obtain the Kroger store videos, as required; and such was an effort at EVIDENCE TAMPERING, SPOILATION and destruction; which is Civilly and Criminally Illegal; and such was to "Cover-up" the numerous Crimes and Perjuries of Ynguanzano and others.**Plaintiff had to resort to other Law enforcement Investigative Agencies to do so. This was/is ANOTHER of Defendants City and Ynguanzano Actionable causes, Acts and omissions.

*Ynguanzano NEVER Did give Plaintiff a reason for the several and ongoing violent*

*aggravated Felony assaults, or the Sadistic Depraved Acts as Factually described*

*herein; nor the False arrest.*

Ynguanzano's use of a Full can of Mace at point Blank, in Plaintiff's eyes, nose and

throat and elsewhere, AND the Sadistic Ynguanzano's HARD PUCNCHING of

Plaintiff's Testicles; while in his "Contorted, Raging "Grin." **Yet in Plaintiff's Full

Rights to attempt to minimize Ynguanzano's Raging Depravities; never did Plaintiff

touch, Threaten or engage in such a Posture for such. Yanguanzano's knowingly and

willfully and wrongly Perjured report(s) of Plaintiff "Pushing & Kicking;" were just

more Continuations of his already Felony Violent, sadistic and depraved Acts and

Perjuries.


Plaintiff would show that NOWHERE in MPD or "P.O.S.T." Training, are such

gruesome and sadistic practices permitted, as in the situation where Plaintiff was in.

Plaintiff, as a direct result of such has been suffering from broken/bruised Ribs &

**Broken Sternum (Breastbone); with Bone fragments surrounding Plaintiff's**

**Broken Sternum** from the Violent, unwarranted said assaults, the underlying tissues and

musculature; Pleuaracy &/or Pleuracy related inflammations/disease states, extreme

difficulty breathing, copious amounts of Fluid & Blood in Plaintiff's lungs, AND

EXTREME-difficulties Breathing; and extreme pains in raising himself from prone

positions, in walking and the resultant excessive involuntary Coughing as a direct result

of Ynguanzano's Depraved and Sadistic Acts and omissions, that continues to the date.
**It is well known and Scientifically & Medically established, that the "Mace" that
Ynguanzano used without ANY Good or Justifiable cause; will cause "**Chemical
Pneumonia**;" a potential Life Threatening Condition. Furthermore, it is well Known,
that such said "Incapacitating Agent" is "OIL BASED;" and therefore water, Milk, Dry
Paper, or verbal "Re-assurances" WILL NOT facilitate its Removal or "Neutralization;"
and to the Contrary, actually spread the Dangerous and potentially Life-Threatening
"Agent" even further in the Eyes; contribute to Further damages, and to other bodily
areas. In such Facts and Considerations, Plaintiff would submit and show; that the
aforementioned Facts constitutes further Negligence, Depraved Heart, Other Damages
and Injuries, Pain and suffering to Plaintiff, as well as other Acts and Omissions as
described in the Complaint. To date, Plaintiff is suffering from permanent serious Eye
and other Injuries from Defendant's enjoyment of without cause, spraying an entire can
on Mace in Plaintiff's eyes and throat and deeper Pulmonary passageways.

When the "Ambulance" arrived, approximately one (1) hour AFTER Plaintiff made his
repeated Genuine requests for such, for several Good Cause and Faith Medical Reasons;
but at the time , most pressingly was Plaintiff's inabilities to sufficiently Breath, and with
the Mace Covering his Eyes, Face fully in his Nostrils and Bronchial tubes; and
copiously running down Plaintiff's face and neck. Plaintiff was treated with the most
callous and Medically deficient disregards in numerous areas of knowing, willful and
wrongful inactions; (Failure to Train, ACT & Supervise) only worsening the already

Life-Threatening conditions; whereas the Ambulance personnel/attendees were actually in a state of deranged "Humored Amusements."

With Plaintiff gasping, but repeating audibly and Factually, that he "could Not Breath," there was already a hour of Thick, viscous, non-aqueous Mucus 100 % occluding Plaintiff's Nasal Passages and throat; whereas Plaintiff's repeated Pleas for breathing assistance were with abundant good cause **(With ALL personnel being informed of Plaintiff's serious Head injuries and history of serious Seizures). The ONLY ASSISTANCE PLAINTIFF WAS AFFORDED WAS a small approximately 1/8th inch dual air tube insertion; which would NOT EVEN insert in Plaintiff's nostrils; due to the Thick, copious Mucus that was OBVIOUS TO ALL. Plaintiff's repeated Pleas of being unable to breath (Which were clearly heard and acknowledged by the Defendants/personnel; which they only laughed about and continued with their personal conversations NOT related to Plaintiff's medical needs or conditions).

Plaintiff with abundant Good Cause continued to request a Breathing Mask (since the obviously ineffective I/16 to 1/8 inch nasal tube (with Full proper effective length being ¼ inch;were 100% ineffective; which the Defendants again acknowledged, BUT WITHOUT ANY GOOD CAUSE, AND IN GROSS VIOLATIONS AND PROFOUND WILLFUL NEGLIGENCE, REFUSED TO AFFORD OR ASSIST Plaintiff's Long and repeated desperate "GASPINGS" for air WITH.

Plaintiff would show that even the Defendants knew and acknowledged that Plaintiff's

"Blood Oxygen levels" were medically deficient, yet Still refused ANY Respiratory assistance.

At ALL times as noted herein, the said Defendants had INSTANT AND READY ACCESS to several "Oxygen Face Masks;" but laughingly refused to afford one to Plaintiff, in his genuine"Gasping for air, and "inability to Breath;" which ALL parties and Defendants clearly heard; as they replied; you'll be alright. **Here Plaintiff would show that he was NOT nor would be "alright," due to the said Acts and Omissions of these Defendants, as well as those at the "Med" where "Police" also were NOT attentive nor properly trained and profoundly Grossly Negligent; as well as Employees at Shelby County Jail and its purported Medical Facilities.

Even before and at the time of the said assaults, Plaintiff was rightfully and with Good Cause and Good Faith for Factually Documented serious Medical Reasons and causes, numerous times requesting to be transported to the "Med;" where he was tentatively scheduled to be transported there just 1-2 days prior to the Ynguanzano's "Assaults," for other serious conditions; that MPD was aware of, and in the same "Precinct."
It is well known that the "Oil-based" "Incapacitating agent" CANNOT be Neutralized or minimized in its Damages and Injuries, by ANY water or other Oil-based compound; and that such only significantly worsens the spread and Injuries of the Dangers of the "Oil -bsaed Chemical Agents." There are well known inexpensive and effective and harmless, Non-toxic compounds that will "Neutralize" the said "Spray;" but the City

deliberately and knowingly refuses to utilize such; in Gross Negligence and other Acts

and Omissions to be enumerated; to "Save an insignificant amount of money;" or in Gross Negligence, and other Acts & omissions to be set forth, causing otherwise preventable injuries, rather than taking Actions that would be Safer, more readily treatable, than to put its citizenry at Injuries and damages risks and likelihoods; and that

such is a separate "Cause of Action."

Furthermore, with Defendants at the "Med" knowing full well that Plaintiff was in the

same but worsening conditions, in his diminishing inabilities to Breath; and the

worsening Eye Injuries, firmly heard Plaintiff's need for Further Medical Treatments that

only a Hospital (as the "Med") can Provide (and NOT the several times Federal Court

sanctioned and sued Shelby County Jail's grossly deficient and without proper Medical

Personnel). Yet outrageously in such; with the "Police" at the "Med" in full knowledge

of such; did knowingly, willfully and wrongly, in deceit and misrepresentation; but Not

limited to such; did instruct Plaintiff to sign a paper he effectively could NOT See,

telling him it was to "keep him at the "Med;"when All along; especially egregiously and

outrageously fully knew that the said "Paper I was told to try to sign;" was in fact, as

these Defendants knew Full well; the said "Paper to sign;"was to relieve them of further

work and responsibilities or "Extra-work" (which they are paid for); and was to Transfer

me to the Shelby County Jail; so they would Not have to further inadequately

"Medically Treat" Plaintiff.(and go about their "Friday Night Partying;" as they were

expressing their desires to "leave early" (From their work). The unknown employee's at

the "Med," who were further responsible for Plaintiff's damaged eyes & Vision

treatments, were grossly inadequate in ther attention and medical protocols, and refused

to supply Plaintiff adequate and proper treatments , asistance; simply handing Plaintiff

Paper towels & told him "he would have to clean-up the mess before he left." Plaintiff

requested that the videos & recordings be maintained, they acknowledged such, and

such is a Legal, effective Litigation Hold, including all ESI's.

Plaintiff only discovered the above said outrageous Deceptions and Acts and Omissions;

when several hours later, an "Intake Nurse;" at Shelby County Jail informed Plaintiff of

the "Paper he was told to sign" was in fact, to wrongly transfer Plaintiff to Shelby

County Jail; and she knew full well of such deceit, as well as Plaintiff's inability to

properly "See" as well as his inabilities to fully breath; so as the above noted "Med"

deficient and lying MPD personnel could "Wash their Hands"of any further Mandated

responsibilities; and "Leave early to go Party on their Friday Night."Immediately upon

arrival at 201 Poplar intake facilities; Plaintiff began arduously seeking genuine and

critical Medical care, and in such made numerous Proper requests to employees who

acknowledged hearing such, and told Plaintiff they would provide him with Forms to

fill-out for such; yet they NEVER did.

Approximately three (3) Days later; when Plaintiff received his illegally delinquent said

form; Plaintiff did fill-out, in clear legible writings; in Plenary details, the numerous

genuine Factual and Medically documented serious conditions, some Life-Threatening

that required Instant Medical attention at a more sophisticated and competent Medical

facility, namely the "Med." (Elvis Presley Memorial Trauma Center).

On the same sheet, (Which is legally Binding), Plaintiff also clearly indicated that If the facility did not immediately transport me to the Med, I would be Filing a Lawsuit against them. Such was/is Not intimidation(s); but fully within Plaintiff's Rights; particularly since this was now into the Fifth (5th) day, including from the inception of the "Incident" that the Defendants turned into multiple Crime Scenes. Plaintiff would show and submit, that certain defendants then "Maliciously retaliated" by committing Further Actionable Causes, and Acts and Omissions. Please keep in Mind, Plaintiff had from Ynguanzano's deranged assaults, a BROKEN STERNUM (Which according to Medical Experts requires a Great Deal of Force, several Bone fragments in Plaintiff's tissues from the Broken sternum, extreme-difficulties in Breathing, Severe Eye, throat & Lung Damages from Ynguanzano's totally unnecessary Emptying a can of Mace in Plaintiff's face and the same and other serious Injuries which continue to date.

Plaintiff would show and prove that Pursuant to the "**Special Duty Doctrine**" the City and its Police employee Defendants, and other City Employees noted (But awaiting Names);are fully bound by Rules and Law to such, andDefendants firmly had and/or responsible Directly and/or Proximately **Duty of Care** and knowingly and willfully Breached that Duty, by way of the below established criteria:

(1) a duty of care owed by the defendant to plaintiff;

(2) conduct by the defendant falling below the standard of care amounting to a breach of that duty;

(3) an injury or loss;

(4) causation in fact; and

(5) proximate or legal cause.

Furthermore, Plaintiff would show that other Police employee, shown was firmly aware of the said violent crimes against the Plaintiff, and that such was firmly in his jurisdiction, whose Police duties firmly include obtaining such evidences, with his own attested "Specialty" is in obtaining and maintaining Security or other Videos, as well as general detective and investigative assignments, also knowingly, willfully and wrongly refused to even minimally investigate the Incident, and such was in Bad Cause and Bad Faith, Breach of Duty, Breach of Trust, Deliberate Indifference and Gross and profound Negligence, as well as other Acts and Omissions.

**If a special relationship does exist, the public duty doctrine defense is negated, and immunity conferred by the doctrine is removed. The cause of action is controlled strictly by the provisions of the GTLA once the public duty doctrine defense has been negated. Accordingly, the respondents may be subject to liability under the provisions of the GTLA for damages proximately caused by a breach of the "Special Duty."**

Plaintiff would show and prove that the Defendants, John and Jane Does 1-8, as members of the Memphis Police Department; as well as employees of the City; had the Firm and Clear Duties that were and are "Ministerial" and Not "Discretionary;" and by way of such, said Defendants have NO "Qualified Immunity" as defined under the GTLA or any other alleged "Protections or Immunities." Some of such duties would be

to attempt to restrain Ynguanzano from his raging assaults.

Furthermore, Plaintiff would show and prove that the said City of Memphis Employees'

Supervisors, are also inherently bound as viable Defendants, and have NO GTLA

"Qualified Immunities" or other Legal means to "escape" Prosecution. Along these lines

of responsibilities under, but Not limited to : Failure to Train, Failure to Supervise,

Breach of Duty, Breach of Trust, Negligence, Negligence per se, Gross negligence,

Misrepresentation and Deliberate Indifference; the said Supervisors; John and Jane Does

1-8, also had Duties that were and are "Ministerial,"and ***NOT*** "Discretionary."

Therefore, they too, have NO "Qualified Immunity" as under the GTLA or any other

viable Defense; and therefore are viable Defendants.

Furthermore, under, but Not limited to Defendant City's "Failure to Train and/or

Supervise," that such crimes against Plaintiff as described, but Not limited to, are not,

and were Not intermittent or occasional or random Acts and Omissions, and that any

alleged Peace Officer Standard Training (P.O.S.T.) or other alleged "Trainings;" or

"refresher courses" do NOT exempt ANY of the City employees or the City itself from

prosecution in this lawsuit. That in Fact, the higher Courts have ruled and in well

established Case-law; that any such alleged  "Trainings" DOES NOT exempt the

Defendants from prosecution for "Recklessness;" "Intentional or Gross," Deliberate

Indifference and the other aforementioned Causes of Action Plaintiff has set-forth.

Not only such and other violent crimes in such long-ongoing regularities; without and

willfully, knowingly and negligently even minimally addressed; that a "Clear Pattern" of

such deficiencies exists; whereas enough and the frequency of exists, to Firmly fall

under what the Sixth Circuit Court of Appeals has upheld numerous times, in numerous

cases, as exemplified in *City of Canton v Harris* 489 U.S. 378 (1989).The landmark &

Foundation case for such may be in *Canton* (Sixth Circuit) for  the lower Courts;

including the Appellate, with Sixth Circuit inclusive; have based their interpretation &

rationale. Additionally, some of the lower Courts have implemented their own "Tests" &

Criteria for determining whether a case similar to this one may be Valid & survive on the

merits & as a matter of Law. In citing *City of Canton v. Harris*, 489 U.S. 387, 390

(1989), " in considering "**Failure to Act**" as only one small Failure," have been

municipality may be liable under Sec.1983 for a "**Failure to Train**" its employees or to

institute a policy to avoid the alleged harm where the "**Need to Act**" is so obvious and

the inadequacy so likely to result in the violation of Constitutional Rights, that the policy

makers [Municipality] (Here, based upon this case and the long-ongoing, and clear

 history of such uncorrected and similar "Deficiencies" that Plaintiff would show and

prove in Trial; the Defendant City of Memphis) can clearly be clearly shown to

**<u>Deliberately Indifferent</u>"** to the need." **Such is further supported by Further citing

citings by the Supreme Court, as in the court's language in "**Failure to Act, Need to

Act**," and others Acts and Omissions. Here, in this instant case, the "**Need to Act**, and

**Failure to Act**; "could Not be any further on point, by the Factually Noted "Acts and

Omissions, : as occurred in this instant case. By way of such; the **"Deliberate**

**Indifference"** is therefore inextricably and inherently attached and therefore stands as

an actionable cause; as Plaintiff has enumerated in the above encaptioned list of

Complaints.

In further citing of *Canton* ; " The occasional negligent administration of an otherwise

sound policy" is Not an applicable circumstance(s) for Defendants; as Plaintiff will show

that such outrageous knowing & ongoings as described herein, ***are Anything but and***

***from*** "Occasional," & therefore Defendants. ***cannot*** rely on such claims that would

defeat the Plaintiff's Cause. Plaintiff would show the Court that there exists years upon

years of such Deficiencies, that he himself experienced, has "Personal Knowledge of,"

and are well documented; that NULLIFY any assertions that the Defendants may claim

are "Occasional."

Plaintiff also would show the Courts that the **City of Memphis** (as well as City

employees Defendants, including but Not limited to John and Jane Does 1-10) can be

held liable and therefore this Case should proceed based on, but not limited to, the

enclosed enumerated herein. Furthermore outrageous, egregious and in knowing, willful

and deliberate Bad Cause and Faith, is that Defendants City and Employees John and

Jane Does 1-8 have been abundantly and Firmly aware and on "Actual and Constructive

Notice;" for the last approximate Four (4) years, of the same available evidence that they

knowingly and willfully disregarded in same said aforementioned evidences. Such was

by way of them Factually receiving Certified Copies of the Facts of this case, in an

ancillary proceeding in the Federal Courts in which such was abundantly and fully

addressed in Ancillary Proceedings. Additionally, in these "Ancillary Proceedings;" the

Sixth Circuit reversed the District Courts' ruling that the Plaintiff's F.R.Civ.P. Petition for

a Rule 42(a) "Motion to Consolidate" cases (with another and different Federal

Proceeding in which the "City" was a proper Defendant and served by U.S. Marshals by

ORDER of the Court).

**\*\*The name of this case was *Paul Markowitz v. Smart Mart Stores and its Cooperate***

***owners and the City of Memphis and its employees John and Jane Does 1-8.*** Case No.

Original Case No.12cv2279. Here Plaintiff would show the Courts that this Firm

Additional "Actual and Constructive Notice," as well an effective "Litigation Hold;"

(but Not required as already well proven); they were abundantly aware of for at least

three (3) years; yet the said Defendants STILL knowingly failed to Act; and such was

Not only willfully illegal and in Bad Cause and Faith; but such "REFUSAL TO

INVESTIGATE;" was and is currently a Cause of Action; but also knowingly and

wrongly served the Defendants the their intentional hopes that the said Evidence against

them would be Destroyed, in firm Civil and Criminal violations.

Additionally, the Defendants City and its Employees ***again*** had the firm Duty that binds

the Defendants City of Memphis and its Employees; had also unequivocally Firmly

placed the Defendants on additional  Notice to wrongly withhold and conceal; with such

meeting the Four (4) "Elements" and their language of "FRAUDULENT

CONCEALMENT;" by way of them being in firm possession and knowledge of the

aforementioned Federal Case Documents regarding the Smart Mart Case; including that of Sixth Circuit who reconsidered by way of Order; the District Courts Dismissal of this same case. However, Defendants *STILL* refused to act as described; and that such is extra egregious and further shows the Defendants City and its said employees Not only *again* knowingly and willfully furthered their Acts and Omissions as enumerated herein; but such also shows their long ongoing patterns of such, for which they are held liable as found in the language of the Higher Courts; including, but Not limited to :

In such, ALL details of this aforementioned case were Fully, completely, and in Plenary detail, described; and **ALL** Defendants herein were and are aware of such; yet knowingly, wrongly and ongoing to date, *STILL* refused to act as required bu Rules and law, as well as those U.S. Sup. Court and Sixth Circuit Case laws as cited herein above.

Such further shows and proves that Not only are the aforementioned Defendants been on extra long and Timely "Actual and Constructive Notice;" but such shows further knowing Bad Cause and Faith, and the "Fraudulent Concealments," with ALL four (4) "Elements" of such *AGAIN;* and even Further proven and additionally further "satisfied" to show the willful and knowing said violations of Not Just the said "Fraudulent Concealment;" but ALL of the Acts and Omissions, but Not limited to; those as enumerated in this complaint. Plaintiff would also submit, show and Prove, that neither the aforementioned Federal actions, nor those as enumerated in this Complaint are NOT "Duplicative," by Legal Definition; but this complaint "Stands alone" in its

Merits, Good Causes and Rules and Laws; and therefore should proceed, based upon

such. Again, in addition to what Plaintiff has already set-forth in showing that the

statutes are Tolled by way of Defendants' numerous and willful "Fraudulent

Concealments;" and its "4 Element Test;" that such as outlined above, further shows and

*__additionally__* proves that this case is Tolled by the knowledge of the separate, as shown

above; willful inactions and withholdings by the Defendants'; of Facts and knowledge

that Defendants were Extra and in addition to having sole and exclusive access to; which

they not only knowingly refused to obtain, but had Factual and Actual knowledge that

the "Store" and its employees/owners possessed; but numerous times refused to provide

the Plaintiff, as Plaintiff had informed the City and its said employees of such.

Plaintiff, despite his best reasonable and repeated diligence; could not, and to date,

Cannot obtain; as such is STILL being withheld to this Very Date; and Plaintiff has just

become aware of Defendants STILL willful and wrongful withholding such

informations and that Plaintiff had NO access or knowledge to obtain such; which by the

VERY DEFINITION, DEFINES **FRAUDULENT CONCEALMENTS; therefore**

**Plaintiff's cause in this case is Tolled, and viable to proceed in these Honorable**

**Courts.**

Additionally, and with Plaintiff bringing extra Notice for the Court's awareness and

properly submitted knowledge of; is that such as above ***FURTHER*** shows, proves and

Demonstrates that there is a long history and pervasive pattern of such; but not limited to

**"Negligence, Deliberate Indifference, Failure to Train and Supervise and Failure to**

**Act**; and that the Federal courts have set forth tests and criteria , to show that the "Municipalities" (here being Defendant "City," and these employees have NO sovereign Immunity; as found in *Canton, Miller, Pembrauer and Oklahoma City;* as cited above and below. Plaintiff would also show that *Monnel* is a viable supportive case, as in the above, this Complaint is Not a sole or lone serious incident, but a long and ongoing Pattern of such clearly exists, and as under *Monnel*, the City &/or Muniipality are held as viable Defendants, and have NO Immunity.

While Plaintiff will prove that numerous older cases, with the Exact parallels as this case, going back as far as as Fifteen (15) years, Plaintiff will show that these cases were of the exact same type and Nature as those that give rise to this Complaint, as well as the Fact that the current "Situations & Matters" of those of Defendants have Not remotely or adequately changed in their "**Operations & Diligence**" (citing the language of the Higher Courts); as expected & be required of them by Rules & Law; but Factually and in Actuality have only further deteriorated and declined in mandate and required Furthermore, on same sheet, Plaintiff enumerated several other serious illegal matters that by Rules and Law required instant Law enforcement attention. Such included, but not limited to :The making of "terroristic threats" to Plaintiff from other Inmates (2) Civil Rights Intimidations (3) Racial Intimidations (4) Assaults (5) Specific Inmates speaking of "Killing Cops" (with a specifically described weapon; they termed a "Cop Killer Special" (New Smith & Wesson 17 shot with "Red-tip"-Laser). Others also spoke

of specific Strangulation techniques. All were identifiable. All were admitting to a Long series of Violent Crimes and Gang-Membership).Plaintiff also requested that personnel Audio (&/or Video) record such.

Plaintiff requested that MPD, Federal Authorities and/or "Task Force" be immediately notified. However, outrageously, NO action was taken; nor to date,and such is Federally; State, City and County mandated; aside from basic common sense and Good Citizenry concerns for the Public; and a reasonable person or Jurist would concur.

Plaintiff would show and submit, that pursuant to FRCivP Rule 6 regarding "Time," that this complaint is NOT time barred, as the Day on the Cause of Action is Not calculated, and if the Final Filing date falls on a weekend, such is also Not considered, and the following Monday, when the Courts are open, is the Next Final day to file, in which File with the Courts, as in this instant case.

Plaintiff is seeking Twenty-five-Million ($25,000,000.00) in actual Damages, Fifty Million ($50,000,000.00) in Punitive damages; Expert witness fees, Treble Damages, Discretionary Damages/costs; and Reasonable attorneys' fees.
Plaintiff requests that should each and every defendant Not Timely or Properly respond; that a Default Judgment be entered against ALL defendants, for the Full amounts of Damages and injuries sought.

That proper service be made for Defendant David Nguanzano at the Tillman Police

substation, located at  426  Tillman St, Memphis, TN. 38112.

Plaintiff would respectfully request that he be permitted to amend or correct any

inadvertencies, or as matters, progress, are uncovered or evolve in this Complaint or

Any related matters. And That proper service be made for other Defendants, when their

Names, addresses become available to Plaintiff, with Plaintiff's due diligent efforts.

In Considerations of Plaintiff's Good Cause and Faith requests to amend & make
corrections as information and Facts become available, Plaintiff would Respectfully
request that this Court consider the numerous Facts, that Plaintiff was recently Thrice
Hospitalized, due to several Violent armed Robberies/hate Crimes, in which Plaintiff
was hard kicked & Clubbed and smashed with Shotgun, in the Head & Neck, (Separate
from the ER visits due to Defendant Ynguanzano's Breaking of Plaintiff's Sternum &
other severe ongoing debilitating Injuries), Prescription glasses broken 3 times & are
Now marginally functional; as well as Plaintiff being out of his Third stolen Vehicle
(Which he can No longer replace any of the aforementioned required items, due to
indigent status). Plaintiff was ordered by ER physicians to re-enter other Hospitals for
their Specialists expertise & examinations; but has to delay such for the time being, for
reasons given above. *Plaintiff can provide Proofs for ALL of the above, but may take
several weeks to acquire.

Plaintiff sincerely thanks these Honorable Courts for their valuable time, costs and other

considerations it has afforded Plaintiff in these most serious of matters.




Respectfully submitted,

Paul Markowitz, Pro se
Paul Markowitz

Date 10/23/17