# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAUL MARKOWITZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID YNGUANZO, et al., ) <br> ) <br> Defendants. ) | No. 2:17-cv-02782-TLP-cgc <br><br> JURY DEMAND |

## ORDER DENYING PENDING MOTIONS

This Court adopted the magistrate judge's Report and Recommendation ("R & R"), which recommended dismissal of the Complaint for failure to state a claim, and entered Judgment dismissing the case without prejudice. (ECF Nos. 9 & 10.) Plaintiff then filed two motions. (ECF No. 11 & 13.) The first motion requested an extension of time to respond to the R & R and for reconsideration of any adverse rulings. (ECF No. 9.) The second motion requests the ability to amend the first motion. (ECF No. 10.) For the reasons below, the Court DENIES both motions.

## BACKGROUND

Plaintiff sued under several federal statutes after his arrest at a grocery store in Memphis, Tennessee. (ECF No. 1.) The Magistrate Court[1] screened the case to determine whether it was baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant, as required by 28 U.S.C. § 1915(e)(2). This screening led to a Report and

---

[1] The case was referred to the Magistrate Court for management of all pretrial proceedings under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).

Recommendation from the Magistrate Court recommending dismissal of the complaint for failing to state a claim upon which relief can be granted. (ECF No. 8.) The Magistrate Court noted: (1) that it is impossible to serve process on the twenty-seven John and Jane Doe defendants because the names are fictitious; (2) that the claims against the Shelby County Jail and the claims against Officer Ynguanzo in his official capacity were duplicative of the claims against Shelby County and the Memphis Police Department, respectively, and thus those claims should be dismissed; and (3) Plaintiff failed to state a claim under which relief can be granted as to the remaining Defendants. (ECF No. 8 at PageID 50.)

Plaintiff then had fourteen days to object to the R & R. *See* Fed. R. Civ. P. 72(b)(2). As is its practice, the District Court Clerk's Office staff mailed a copy of the R & R to Plaintiff's physical address on file. Yet Plaintiff here did not object to the R & R. The Court thus reviewed the R & R under a clear error standard after the time for filing objections expired. This Court found no clear error in the R & R and thus entered an order adopting the R & R in its entirety and dismissing the case. (ECF No. 9.)

Around seven days after the Court entered that order, Plaintiff moved for an extension of time to respond to the R & R, for an order requiring the parties to attend alternative dispute resolution, for leave to proceed in forma pauperis, for leave to amend his Complaint, and for the Court to excuse his untimeliness for excusable neglect, surprise, or inadvertence. (ECF No. 11.) Plaintiff later moved to amend his first motion alleging theft and fraud against various entities not named in the Complaint. (ECF No. 13.) And as part of his second motion, Plaintiff indirectly provided an updated address, the Reelfoot Manor address. (*Id*. at PageID 70.)

Plaintiff did not stop here, however. He filed a Notice of Appeal fourteen days after he filed his second motion. (*See* ECF No. 14.) The Sixth Circuit has now entered an order holding

the appeal in abeyance until this Court rules on the pending motions. (ECF No. 77.) The Court now addresses those motions.

## **LEGAL STANDARDS**

Plaintiff does not specify the Federal Rule of Civil Procedure under which he seeks relief excused from his failure to timely object to the R & R. That said, the first motion contains language from Rule 60(b)(1). And a post-judgment motion to amend a complaint may be under Rule 59(e). The Court, therefore, considers the first motion under both Rules.

**I.     Rule 59(e)**

A court decides a motion to amend a complaint filed under Rule 59(e) on the same factors as a Rule 15 motion to amend. *Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Leave to amend is generally "freely given when justice so requires." *Morse*, 290 F.3d at 799–800. But a request to amend may be denied if there is "undue delay, bad faith or dilatory motive on the part of the movant," or the amendment is futile. *Id*. at 800 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Additionally, the Court should consider "the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Pond*, 647 F. App'x at 473 (quoting *Morse*, 290 F.3d at 800). "This latter inquiry includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior to the entry of judgment." *Id*. (citing *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010); *Morse*, 290 F.3d at 800). This imposes a higher burden on the movant and is used to prevent litigants "from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60." *Id*. at 472–73 (citing *Leisure Caviar*, 616 F.3d at 616).

3

## II.   Rule 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  Mistakes resulting from gross negligence are generally not enough, but "mistakes made as a result of excusable neglect may be set aside, especially if under the circumstances it would be equitable to do so." *Whitaker v. Associated Credit Servs., Inc.*, 946 F.2d 1222, 1224 (6th Cir. 1991).  Like relief under Rule 59(e), relief from a judgment under Rule 60(b) is also "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).  And so "the party seeking relief under Rule 60(b)[(1)] bears the burden of showing entitlement to such relief by clear and convincing evidence." *Thurmond v. Wayne Cty. Sheriff Dep't.*, 564 F. App'x 823, 827 (6th Cir. 2014) (citing *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

## **ANALYSIS**

The Court entered a judgment after adopting the Magistrate Court's recommendation that the case be dismissed for failure to state a claim.  (*See* ECF Nos. 9 & 10.)  The R & R recommended dismissal of the Complaint because: (1) it named twenty-seven John and Jane Doe defendants who were not amendable to service: (2) the Shelby County Jail is a governmental department and is not subject to suit; (3) the official capacity claims against Officer Ynguanzo were duplicative of his claims against the Memphis Police Department; and (4) Plaintiff failed to state a cognizable claim against the remaining defendants.  (ECF No. 8.)  The Magistrate Court noted that although Plaintiff's Complaint contained a detailed recitation

of the facts, he failed to state a clear claim for relief. (*Id*. at PageID 50.) The Court now determines whether Plaintiff is entitled to the relief sought.

I.      **Relief Under Rule 59(e)**

Plaintiff seeks to amend his Complaint under Rule 59(e) to alter the Judgment and avoid dismissal under 28 U.S.C. § 1915(e)(2)(B). This rule imposes a heavy burden on Plaintiff and requires him to proffer a "compelling explanation" to obtain the post-judgment relief sought. *See Pond*, 647 F. App'x at 473. Plaintiff has not met this burden.

First, there has been undue delay in Plaintiff's request to amend. Plaintiff's objections to the R & R were due on February 19, 2019, fourteen days after the entry of the R & R. (*See* ECF No. 8.) Plaintiff did not file his current motion until April 19, 2019—two months after his objections were due. (*See* ECF No. 11.) The clerk's office mailed the R & R to Plaintiff at the address on file, 253 Buntyn, Memphis, TN 38111, under this Court's policy of physically delivering filings to pro se plaintiffs who lack access to the Court's electronic notification system. But Plaintiff apparently did not receive the R & R because he did not inform the Court that he changed addresses until he filed his second motion on April 29, 2019. (*See* ECF No. 13.)

The Court had warned Plaintiff that failure to notify the Court, in writing, of any change of address could lead to dismissal of his case without further notice. (See ECF No. 6 at PageID 39.) He was therefore on notice of his duty to update his address with the Court. That said, he failed to do so. The Court thus finds that Plaintiff's undue delay in updating his address and requesting an amendment counsels against granting the relief sought under Rule 59(e).

Second, the Court's competing interest of protecting the finality of judgments and the expeditious termination of litigation weighs in favor of denying Plaintiff's motion. *See Pond*,

647 F. App'x at 473. The Court cannot allow a party to relitigate a case lacking a meritorious claim after the entry of a judgment just because they did not receive a filing because of their own negligent conduct. To do so would be to open the floodgates to a whole host of unworthy filings. As a result, the Motion to Amend and/or to Alter Judgment under Federal Rule of Civil Procedure 59(e) is therefore DENIED.

## II. Relief Under Rule 60(b)(1)

Plaintiff has also requested relief from the Judgment because of mistake, inadvertence, surprise, or excusable neglect under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 11 at PageID 57.) Yet this relief must also be denied for many of the same reasons as the request to amend.

First, Plaintiff's failure to object to the R & R was due to his own gross negligence. The Court warned Plaintiff in November 2017—about thirteen months before the entry of the R & R—that Plaintiff had an affirmative duty to update his address with the Court. His failure to do so does not result from excusable neglect and it would not be equitable to provide him relief from the Judgment.

Second, the Magistrate Court recommended dismissal because Plaintiff failed to state a recognizable claim in his Complaint. His motions do nothing to cure that defect. It is true that the Court gives some deference to pro se complaints under the pleading requirements of Federal Rule of Civil Procedure 8(a). *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique

pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))). The Court will not act as Plaintiff's attorney and dissect his Complaint or motions to assert a claim for him. Plaintiff has therefore failed to show entitlement to relief under Rule 60(b)(1) by clear and convincing evidence. *See Thurmond*, 564 F. App'x at 827 (citing *Info-Hold, Inc.*, 538 F.3d at 454).

All that said, the Court DENIES Plaintiff's Motion to Alter Judgment under Federal Rule of Civil Procedure 60(b)(1).

## **CONCLUSION**

For these Reasons the Court DENIES Plaintiff's Motions to Alter Judgment/Relief from Judgment/to Amend (ECF Nos. 11 & 13.)

**SO ORDERED**, this 12th day of August, 2019.

                      s/Thomas L. Parker
                      THOMAS L. PARKER
                      UNITED STATES DISTRICT JUDGE